UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 24, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Theresa C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2026-BAH

Dear Counsel:

On August 10, 2021, Plaintiff Theresa C. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 8, 11, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT the Commissioner's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 20, 2018, alleging a disability onset of May 1, 2015.[1] Tr. 186–91. Plaintiff's claim was denied initially and on reconsideration. Tr. 111–14, 119–25. On October 27, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–55. Following the hearing, on January 19, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–34. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

---

[1] Two matters to briefly note: first, although Plaintiff's SSI application states October 22, 2018, as the filing date, all subsequent documents, including Plaintiff's brief, list August 20, 2018, as the application filing date. Accordingly, the Court adopts August 20, 2018, as the filing date. Second, in addition to the pending SSI claim, Plaintiff also filed for Disability Insurance Benefits ("DIB"), but the SSA determined that she was ineligible for DIB because she did not work long enough under Social Security. Tr. 128.

[2] 42 U.S.C. §§ 301 et seq.

*Theresa C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2026-BAH
August 24, 2022
Page 2

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 20, 2018, the application date (20 CFR 416.971 et seq.)." Tr. 17. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, type II diabetes mellitus, and asthma." Tr. 17. The ALJ also determined that Plaintiff suffered from the non-severe physical impairments of "hiatal hernia," "gastroesophageal reflux disease (GERD)," "mild diabetic retinopathy, presbyopia, and hypermetropia," "obstructive sleep apnea (OSA)," "scoliosis," and "hypertension," Tr. 18, and a non-severe mental impairment of "depressive and anxiety disorders[.]" Tr. 19.

At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Par 404, Subpart P, Appendix 1[.]" Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except she could never climb ladders, ropes, or scaffolds or crawl. She could occasionally climb ramps and stairs, stoop, balance, kneel, and crouch. She should avoid concentrated exposure to excessive vibration and extreme heat and cold. She should avoid concentrated exposure to hazards such as moving machinery and unprotected heights.

Tr. 21. The ALJ determined that Plaintiff could perform past relevant work as a medical biller (DOT[3] Code 079.262-014, sedentary, skilled, SVP 7). Tr. 28–29. Therefore, the ALJ concluded

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Theresa C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2026-BAH
August 24, 2022
Page 3

that Plaintiff was not disabled since August 20, 2018, the date the SSI application was filed. Tr. 29.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises one main argument on appeal: that the ALJ's RFC determination is not supported by substantial evidence. Pl.'s Br. 8–24, ECF 11-1. More specifically, Plaintiff contends that ALJ erroneously failed to determine "on a function-by-function basis how the combination of Plaintiff's physical limitations and her mild mental limitations affected her ability to maintain the type of mental functioning required of her past relevant work at step four of the sequential evaluation." *Id.* at 15. Plaintiff cites to Fourth Circuit precedent as well as a handful of this Court's prior opinions. *See Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019); *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018), *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017); *Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016); *Mascio*, 780 F.3d at 632–34; *see also Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018); *Brocato v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-16-2540, 2017 WL 3084382 (D. Md. July 19, 2017); *Fountain v. Astrue*, No. CBD-11-1884, 2013 WL 145873 (D. Md. Jan. 11, 2013); *Crystal Louise H. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-18-3922, 2019 WL 5309997 (D. Md. Oct. 21, 2019); *Anthony M. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-19-651, 2020 WL 434581 (D. Md. Jan. 28, 2020).

Defendant counters that "substantial evidence supports the ALJ's conclusion that Plaintiff did not experience significant mental limitations warranting inclusion in the [RFC]." Def.'s Br. 5,

*Theresa C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2026-BAH
August 24, 2022
Page 4

ECF 17-1.  Defendant avers that the ALJ "adequately discussed the evidence, including Plaintiff's therapy records and daily activities, the consultative examination, and the State agency psychological consultants' assessments" as proof that the ALJ's RFC determination is supported by substantial evidence.  *Id.*  Defendant cites to numerous instances in the ALJ's decision, as well as the record itself, to evidence the ALJ's thorough consideration of the record and cites to a few Fourth Circuit cases for support.  *See id.* at 5–9; *see also id.* at 9 (quoting *Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) ("[T]he ALJ's decision reflects an accurate and thorough understanding of Plaintiff's medical and nonmedical records.  Their analysis does not 'frustrate meaningful review.'"); *id.* at 9 (quoting *Reid v. Comm'r, Soc. Sec. Admin.*, 769 F.3d 861, 865 (4th Cir. 2014)) (internal citation omitted) ("To the extent her decision does not iterate every piece of evidence present, 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]'").

Social Security Ruling ("SSR") 96-8p provides guidance as to how adjudicators should evaluate a claimant's RFC.  SSR 96-8p, 1996 WL 374184 (July 2, 1996).  SSR 96-8p instructs, in relevant part:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.  For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

*Id.* at *5; *see also Mascio*, 780 F.3d at 635 ("To make this [RFC] assessment, the ALJ must 'consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled as severe at step two.") (quoting 20 C.F.R. § 416.945(a)(2)); *Clarence M. v. Saul*, No. SAG-19-2393, 2020 WL 3871142, at *2 (D. Md. July 9, 2020).  If the ALJ determines that a claimant has a medically determinable mental impairment, the ALJ must follow the "special technique."  *See* 20 C.F.R. § 416.920a(a).  The special technique requires that the ALJ first specify the symptoms, signs, and laboratory findings that substantiate the presence of the mental impairment, and then rate the degree to which the impairment limits the four functional areas:"[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."  *Id.* at § 416.920a(b)–(d).  "The special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a mental impairment."  *Patterson*, 846 F.3d at 659 (citing 20 C.F.R. § 404.1520a). "When evaluating and documenting the severity of a claimant's <u>mental</u> impairment at steps 2 and 3—and its concomitant impact on the RFC assessment relevant to step 4—the ALJ '<u>must</u> follow [the] special technique.'"  *Id.* (citing 20 C.F.R. § 404.1520a(a)) (emphasis in the original).

Here, at step two, the ALJ determined that Plaintiff's "medically determinable mental impairments of depressive and anxiety disorders . . . considered singly and in combination, do not

Case 1:21-cv-02026-BAH   Document 19   Filed 08/24/22   Page 5 of 6

*Theresa C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2026-BAH
August 24, 2022
Page 5

cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities, and are therefore non-severe." Tr. 19. Then, the ALJ determined that Plaintiff had no limitation in all but one functional area of the "paragraph B" criteria, finding a mild limitation in "concentrating, persisting or maintaining pace," noting that Plaintiff "testified that her depression makes it difficult to concentrate and that she becomes confused." Tr. 19. The ALJ explained that "[b]ecause [Plaintiff's] medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are nonsevere (20 CFR 416.920a(d)(1))." Tr. 20. At the conclusion of the step two analysis, the ALJ acknowledged that:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.

Tr. 20. Then, the ALJ moved on to step three, in which the ALJ solely focused on whether Plaintiff's physical impairments met or equaled a listed impairment. *See* Tr. 20–21; 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ specifically considered Plaintiff's diabetes under section 9.00, Plaintiff's peripheral neuropathy under Listing 11.14, and Plaintiff's asthma under Listing 3.02. Tr. 20–21. The ALJ also explicitly indicates that they considered SSR 19-2p when evaluating the impact that obesity has on her symptoms. Tr. 21. There is no mention of Plaintiff's non-severe mental impairment in the ALJ's step three analysis.

There are, however, multiple references to Plaintiff's depression and anxiety disorders throughout the ALJ's RFC analysis. For example, the ALJ acknowledges Plaintiff's testimony that "she used to like her job as a billing clerk, but that she can no longer perform it due to her depression and lack of concentration." Tr. 22. The ALJ notes Plaintiff's negative depression screening on October 18, 2018, with Jennifer S. Horton, CRNP and Ms. Horton's recommendation for follow-up counseling. Tr. 23 (citing Tr. 404, 411). The ALJ also quotes Ms. Horton's note that Plaintiff "has been off Zoloft for the past few weeks and depression symptoms increasing" and that she could not "afford $4 for med refill." Tr. 24 (citing Tr. 429). The ALJ explains that "deterioration in her symptoms" of depression are short lived because Plaintiff "reported increased depression and low motivation in March 2020, but within a couple of weeks her mood had improved and she was back to crocheting[.]" Tr. 26 (citing Tr. 628–31). In explaining why the ALJ found the medical opinions of the state agency consultants persuasive, the ALJ notes that despite Plaintiff's therapist "documenting some instances of tangential thoughts, depressed mood, and other abnormalities, the majority of [Plaintiff's] recorded MSEs are within normal limits, and she has not required any more aggressive treatment measures . . . ." Tr. 28 (citing Tr. 416–18 (Plaintiff's February 13, 2019, consultative examination with Melinda Stein, Ph.D.); Tr. 577–657 (medical evidence from January 7, 2020, to August 20, 2020, from Balance Point Wellness)).

*Theresa C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2026-BAH
August 24, 2022
Page 6

Thus, it is clear to me that the ALJ analyzed the severity of Plaintiff's mental health at several points in the required analysis and provided substantial evidence to support the RFC determination.

The Court acknowledges that it was perhaps inartful to simply reiterate that Plaintiff's mental impairments are non-severe rather than go one step further and explicitly state that Plaintiff's mild limitation in concentrating, persisting, and maintaining pace due to her non-severe mental impairment does not warrant an accommodation in the RFC. *See* Tr. 28. Further, it would have been helpful for the ALJ to state a clear finding in that paragraph similar to the ALJ's note that she found "Dr. Stein's assessment persuasive to the extent it suggests no significant social interaction or adaptation limitations." Tr. 28. Nonetheless, the fact remains that the ALJ provided substantial evidence such that I am able to review their decision and conclude that it should be affirmed. Moreover, the ALJ's decision does not run afoul of *Mascio*, as "there is no requirement that a finding of 'mild' difficulty in concentration, persistence, or pace must translate to a correlating limitation in the RFC assessment." *Moyers v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-17-357, 2018 WL 1471459, at *4 (D. Md. Jan. 5, 2018) (citing *Mascio*, 780 F.3d at 638 ("noting that 'moderate' limitation in concentration, persistence, or pace at step three of the sequential evaluation may not translate into a RFC limitation in every case")). Accordingly, the Court finds that the ALJ adequately explained why Plaintiff's mild limitation in concentration, persistence, or pace does not require a correlating RFC limitation, and the overall RFC determination is supported by substantial evidence.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 17, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge